LOUISA J. EDWARDS v. ROBERT CRADDOCK, ETC.

APPEAL FROM GREEN CIRCUIT COURT.

March 2, 1872.

**Vendor and Purchaser—Suit on Purchase Money Note by Assignee—Petition—Necessary Allegation.**

The appellee made his assignor a party to the suit to enforce a purchase money lien, but failed to allege that he had conveyed the land to his vendee or that he had title, and was able to convey the same, and no tender of a deed was made in the petition.

**Same—Purchase by Executory Contract—Possession Under—Subsequent Levy of Execution Against Vendor—Purchase by Vendee.**

The contract for the sale of the land was made before the execution issued against the vendor and after the vendee took possession of the land; Held, That all the vendee, in any event, could claim was that her money be refunded by giving her a credit with the amount.

**Husband and Wife—Judgment Against Wife—Husband Necessary Party.**

The husband must be a party to a suit before a judgment can be rendered against the wife.

OPINION OF THE COURT BY JUDGE PETERS:

This suit in equity was brought by appellee Craddock, assignee of D. W. Edwards, against appellant L. J. Edwards on two notes for two hundred and twenty-nine thirty-seven one-hundredth dollars each, which is alleged were executed by L. J. Edwards for part of the purchase price of a tract of land sold by said D. W. Edwards to her, and for which he executed to her his title bond, and Craddock sought to subject the land to the payment of said notes, alleging that there was a lien retained on the same to secure their payment. He made his assignor a defendant to the suit, but failed to allege that he had conveyed the land to his vendee, or that he had title, and was able to convey the same, and no tender of a deed was made in the petition.

The defendant, L. J. Edwards, answered, and admitted that she had purchased the land as alleged and that the notes sued on were executed for part of the purchase price, but she alleged that after she purchased the land from D. W. Edwards, and had taken possession thereof, an execution was placed in the hands of the sheriff of the county in which the land was situate, and was levied on it, that it was sold by virtue of said levy under said

execution, and one Vaughn bought it, but as it did not bring two-thirds of its value, the equity of redemption was levied on and sold under said execution and she purchased under the last sale, and D. W. Edwards having failed to redeem the land, she paid to Vaughn, the first purchaser, the amount due him, and obtained the sheriff's deed, under which she claimed the land, exhibited the executions and deed, alleges that the consideration for the notes had failed, makes her answer a cross-petition against D. W. Edwards, her vendor, and Craddock, and prays for a judgment in bar of a recovery on said notes.

The answers to the cross-petition controvert the claim of appellant to the land under the sheriff's deed, deny that the land was subject to sale under the execution, and the defendants to said cross-petition allege that appellant had purchased by executory contract and had possession of said land before the executions issued, and that D. W. Edwards had no interest in the land and that appellant took nothing by her purchase under the sale and deed made by the sheriff; but say they are willing and offer to give her a credit for the amount she paid on the executions which were levied on the land, and D. W. Edwards alleges that he is able and willing to make to her a title to the land, and tenders to her a deed with covenant of warranty, and relinquishment of his wife's right to dower, and prays that the vendor's lien be enforced.

On hearing, the court below rendered a personal judgment against L. J. Edwards for the amount of the notes sued on, to be credited by $116.10, the amount she paid the sheriff on the purchases made under his sale, with interest from the time of the payments, and from that judgment L. J. Edwards appealed, and Craddock and his assignor prosecute a cross-petition.

It is now insisted for appellant that she was at the date of the judgment a married woman, and no personal judgment could have been rendered against her—and further, that by her purchase under the sheriff's sale she acquired the title to the land, and thereby absolved herself from any obligation to pay the notes.

The contract for the sale of the land by D. W. Edwards to appellant was made nearly two years before the execution issued against Edwards, and after she took possession of the land under said contract, and even if she took anything under her purchase

at the sheriff's sale all that she could in any event claim would be to have her money refunded by crediting her with the amount, no authority need be cited to sustain that position; that credit she got by the judgment.

But it does appear from the title bond executed to her by D. W. Edwards, and which appellee Craddock made part of his answer to the cross-petition, that she was then a married woman, and that being her condition then, without any allegation to the contrary, her coverture must be presumed to continue, consequently the personal judgment against her was erroneous.

Appellant's answer to the original petition admits that D. W. Edwards had title to the land when he contracted to sell it to her, and she claims to have acquired the title by the sheriff's deed, and she thereby at least impliedly admits that he had title to the land when she purchased—and in his answer to her cross-petition he professes a willingness to make title and tenders a deed—which, however, is not such as she was bound to accept, but the contract may be specifically enforced.

The judgment, however, must be reversed on the original appeal, for the reasons stated, with directions to permit appellee Craddock to amend his pleadings and make the husband of appellant a defendant to the suit, and permit additional pleadings by the defendants if they should desire to do so. The deed tendered by D. W. Edwards, as before observed, was not such as appellant was bound to accept; it is blank as to the month it was made, and does not appear to have been acknowledged till late in November of the year it was made, and as to the price for which the land was sold; the deed should set forth the consideration paid for the land, and for this defect and want of sufficient allegations in the pleadings the judgment must be affirmed on the cross-appeal.

But on the original appeal the judgment is reversed and the cause is remanded with directions for further proceedings not inconsistent herewith.

*Chelf, for appellant.*

*James, Towles, for appellees.*